Miller, J., dissenting.
 

 {¶ 25} Let's say an ex-husband who had long been derelict in making child-support payments commits crimes against his ex-wife and child. He is sent to prison. The mother decides she wants the father released from prior obligations under a child-support order because she and her child want to sever all ties. The juvenile court accommodates this request and rescinds the order. She later seeks to have the child adopted by her new spouse. According to the majority, the probate court has no discretion in this instance. The child may not be adopted under R.C. 3107.07(A) without the consent of the ex-husband. Same goes for any other louse who a custodial parent has decided not to be financially tied to and thus consented to there
 not being a support order. Could this be the intent of the consent provisions in R.C. 3107.07(A) ? Is such a result mandated by the text? I conclude it is not, and thus respectfully dissent.
 

 {¶ 26} The majority refers to a "zero child-support order." In the mind's eye, that would be a court order affirmatively stating the father is required to pay zero dollars. That is not what exists here. Here, there had been a support order in place, on which father was not paying. Father's relatives convinced mother to release him from the order so that the accumulating arrearage would not be problematic for father upon his release. The juvenile court terminated the order, but did not put on a "zero child-support order." Instead, no order exists.
 

 {¶ 27} Thus, I find troubling the majority's conclusion that the absence of a child-support order is dispositive. Providing no support where there is no support order in place isn't an automatic pass on the "maintenance and support" portion of R.C. 3107.07(A). Instead, it factors into whether the failure to provide maintenance and support was "without justifiable cause."
 

 {¶ 28} The statute affords the probate court discretion to weigh the circumstances around which a parent has failed to provide support. Perhaps a parent was not ordered to provide support because the custodial parent was wealthy, or the noncustodial parent is justifiably incomeless and unable to provide support, or maybe one parent is a person the custodial parent is trying to avoid for a host of reasons and therefore wants no order in place. The probate court should be able to consider such matters before making a determination under R.C. 3107.07(A).
 

 {¶ 29} Accordingly, I would vacate the judgment and remand for the probate court to decide whether the failure to provide support was justified. When it does so, the probate court would be free to consider the redirection of the support obligations and the reasons therefor when making its determination.